

FILED

SEP 0 2 2014

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICHARD E. SHREVES,<br><br>Plaintiff,<br><br>vs.<br><br>DR. SCOTT PIRANIAN, TRISTON KOHUT, LAUREL ANDRECHAK, SPECTRUM MEDICAL INC., MIKE FERRITER, MIKE BATISTA MEAGEN BOURNE, C. McGUIRE, DANIEL TROUPE, DAN CHLADEK, KRISTY BOESE, BILL MILLER, LIZ RANTZ, HEIDI ABBOTT, CATHY REDFERN, and CINDY HINER,<br><br>Defendants. | CV 14-00048-H-DLC-RKS<br><br>ORDER |

Plaintiff Richard Shreves has filed a Motion for a Temporary Restraining Order and Preliminary Injunction seeking an order requiring Defendants to provide medically appropriate diagnosis (M.R.I. or C.T. scan with contrast), treatment, and physical therapy to Shreves for his back problems to stop further damage and restore his back to full function. (Motion, Doc. 5.)

There are several problems with Mr. Shreves' motion. First, he has not

1

complied with the notice provisions of Rule 65 of the Federal Rules of Civil Procedure. A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed.R.Civ.P. 65(b). Mr. Shreves has not satisfied either requirement.

In addition, as a general rule courts are unable to issue orders against individuals who are not parties to a suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Here, the Court has not obtained personal jurisdiction over any defendant since the case is in the prescreening process mandated by 28 U.S.C. §§ 1915, 1915A and therefore has not yet been served.

Accordingly, IT IS HEREBY ORDERED that the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5) is denied.

DATED this 2nd day of September, 2014.

Dana L. Christensen, Chief Judge
United States District Court