

FILED

APR 2 8 2015

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICHARD E. SHREVES,<br><br>Plaintiff,<br><br>vs.<br><br>DR. SCOTT PIRANIAN, TRISTON KOHUT, LAUREL ANDRECHAK, SPECTRUM MEDICAL INC., MIKE FERRITER, MIKE BATISTA, MEAGEN BOURNE, C. MCGUIRE, DANIEL TROUPE, DAN CHLADEK, KRISTY BOESE, BILL MILLER, LIZ RANTZ, HEIDI ABBOTT, CATHY REDFERN, and CINDY HINER,<br><br>Defendants. | CV 14–48–H–DLC<br><br>ORDER |

United States Magistrate Judge Keith Strong entered his findings and recommendations in this case on December 8, 2014, recommending dismissal of Plaintiff Richard E. Shrives' ("Shreves") claims as either barred by the applicable statute of limitations or for failing to state a claim. Shreves filed objections to the findings and recommendations on December 29, 2014, seven days later than allowed by statute. Nevertheless, the Court will construe Shreves' objections as

timely and conduct a *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "Where a [party's] objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (citations omitted). For the reasons stated below, Judge Strong's findings and recommendations are adopted in full.

Judge Strong found that Shreves' claims arising prior to July 24, 2011 were barred by the statute of limitations, and that Shreves failed to state a claim upon which relief may be granted in his remaining claims. Given the abundance of material submitted with his Complaint, Objections, and subsequently filed Notices, it is clear the defects cannot be cured by the allegation of additional facts. The Court agrees with Judge Strong that this matter should be dismissed.

Shreves objects to Judge Strong's findings regarding (1) certain factual allegations not acknowledged; (2) the dismissal of his claims barred by the statute of limitations; and (3) his state law claims being dismissed.

**Factual Objections**

Shreves objects to Judge Strong's recitation of the factual allegations, claiming "[t]he omitted facts leave out key circumstances of Shreves' claim." (Doc. 13 at 21.) Shreves requests that the Court consider the following: an alleged failure to follow-up by Dr. Piranian (Doc. 13 at 22.); Shreves' complaint that "the new anomalies from the 12-3-13 x-rays are now congenital or were overlooked in the 7-14-11 x-rays" (Doc. 13 at 23–24.); Shreves' complaint of back pain on June 15, 2012 (Doc. 13 at 24.); Dr. Kohut's alleged failure to inform Shreves of the possible side effects of the medication Reglan (Doc. 13 at 25–26.); Dr. Piranian allegedly ignored Shreves' request to be seen in November of 2013 (Doc. 13 at 26.); Dr. Kohut allegedly did not process a medical report and labeled Shreves' pain as "Chronic" (Doc. 13 at 27–28.); Shreves' "possibly incarcerated hernia and ongoing abdominal pain" (Doc. 13 at 28.); Shreves disagreement with Dr. Piranan's labeling any future treatment as elective (Doc. 13 at 29); an alleged failure to note Shreves' "inmate status determining care" (Doc. 13 at 30.); weightlifting encouraged (*Id.*); "[t]he magistrate mentions nothing about [Defendants] Hiner and Redfern; Shreves would like to replead the allegations against them (*Id.*); and a December 18, 2014 appointment with Dr. Kohut (Doc. 13 at 31.) The Court will consider these facts in its analysis.

**Statute of Limitations**

Judge Strong found Shreves' claims arising prior to July 14, 2011 against Defendants Miller, Andrechak, Troupe, and Chladek are barred by the applicable three-year statute of limitations governing personal injury actions in Montana. Shreves objects to the dismissal of all but Defendant Chladek.

**I. Miller**

Shreves' objects to the dismissal of Sgt. Miller, stating that because he initiated mandatory prison grievance procedures on June 4, 2011, the limitations period was tolled until that grievance process was fully exhausted on September 9, 2011. (Doc. 13 at 9.) Shreves claims this exhaustion requirement extended the period to timely plead his claims from July 24, 2014, as found by Judge Strong, to September 9, 2014, and includes the allegations against Sgt. Miller on June 4, 2011. (Doc. 13 at 8-9; citing *Brown v. Valoff*, 422 F.3d 926, 942-943 (9th Cir. 2005) (the mandatory exhaustion requirement of the Prisoner Litigation Reform Act ("PLRA") "tolls the 3 year limitation period.")) Shreves "replead[s his] claim against Sgt. Bill Miller" in his objections. (Doc. 13 at 9.) Shreves alleges that Sgt. Miller "interferred (sic) with a prescribed treatment plan when he refused to allow Shreves to go to the infirmary on 6-4-11 per plan and after Shreves described severe pain." (*Id.*)

Shreves is correct that the exhaustion requirement of the PLRA can toll the limitations period. However, Shreves fails to allege facts establishing that Sgt. Miller was aware of the pre-existing treatment plan. Thus, the allegation that he interfered with that plan fails to state a claim, even if it is not barred by the statute of limitations. Shreves' remaining allegations regarding the "hold-in[s]" on June 23, 2011 and July 5, 2011, and Sgt. Miller's alleged retaliation were not appropriately grieved through the prison[1] and accordingly are barred by the statute of limitations.

## II. Andrechak and Troupe

Shreves objects to Judge Strong's recommendations regarding Defendants Andrechak and Troupe based on these and other Defendants' "complete control of all information, the actions taken to conceal the injury from Shreves, plus the labeling of 'Chronic pain' without any objective medical findings." (Doc. 13 at 15.) Shreves alleges officials at Montana State Prison "fraudulently concealed the existence of the cause of action so that plaintiff . . . did not learn of its existence." (Doc. 13 at 15; quoting *Hennegan v. Pacifico Creative Serv. Inc.*, 787 F.2d 1299, 1302 (9th Cir. 1986)). Because of this, Shreves contends his claims against

---

[1] Sgt. Miller was not named or even mentioned in the prison grievances related to June 23, 2011 or July 5, 2011.

Defendants Andrechak and Troupe are not barred by the statute of limitations.

The objections on this point are conclusory and not supported by the record. There is no evidence to suggest prison staff fraudulently concealed the nature of Shreves' back injury or that the injury was self-concealing. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although required to take all of the factual allegations in the Complaint as true, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

"A § 1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Knox v. Davis*, 260 F.3d 1009, 1012-1013 (9th Cir. 2001). "When the claim is based on an allegation of deliberate indifference to a serious medical need, the claim accrues when the plaintiff knew or had reason to know of the defendants' deliberate indifference." *Id.* Shreves' claim of deliberate indifference against Defendant Andrechak accrued on May 20, 2006 which was the last date he was seen by medical at Great Falls Regional Prison. (Doc. 11 at 10.) Shreves' claim of deliberate indifference against Defendant Troupe accrued on June 20, 2007 when his formal grievance for "refusing medical care" was resolved. (Doc. 11 at 12-13.) Accordingly, the claims against Defendants Andrechak and Troupe are barred by the three year

statute of limitations.

### III. All other claims arising prior to July 14, 2011

#### a. Continuing violations theory

Shreves objects to Judge Strong's recommendation regarding the dismissal of claims against Defendants Rantz, Kohut, Piranian, Hiner and Ferriter arising before July 14, 2011 as barred by the statute of limitations based on the continuing violation theory. (Doc. 13 at 15.) Shreves claims the continuing actions of these Defendants "are repeated instances of the same nature that make it impossible to determine exactly when and how much damage has occurred due to their policy of deliberate indifference and failure to provide adequate medical care." (*Id.*)

The United States Court of Appeals for the Ninth Circuit has held the "continuing violations theory applies to § 1983 actions . . . allowing a plaintiff to seek relief for events outside of the limitations period." *Knox*, 260 F.3d at 1013. "The doctrine applies where there is no single incident that can fairly or realistically be identified as the cause of significant harm." *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002). However, the Ninth Circuit has "repeatedly held that a mere continuing *impact* from past violations is not actionable." *Knox*, 260 F.3d at 1013.

"In order to establish that the continuing violations theory applies, a

plaintiff must allege either a serial violation or a systemic violation." *Douglas v. Cal. Dept. of Youth Auth.*, 271 F.3d 812, 822 (9th Cir. 2001). A limited number of Circuit courts have held the continuing violation doctrine applicable to Eighth Amendment claims of deliberate indifference. *See Shomo v. City of New York*, 579 F.3d 176, 181-182 (2d Cir. 2009); *Heard v. Sheahan*, 253 F.3d 316, 317-320 (7th Cir. 2001). The United States Court of Appeals for the Second Circuit has held, "[t]o assert a continuing violation for statute of limitations purposes, the plaintiff must "allege both the existence of an ongoing policy of [deliberate indifference to his or her serious medical needs] and some non-time-barred acts taken in the furtherance of that policy." *Shomo*, 579 F.3d at 182.

In *Watson v. Sisto*, the plaintiff suffered from a severely debilitating degenerative back condition and prison officials repeatedly failed to timely implement his medical referrals for specialized care. 2011 WL 533716, at *3 (E.D. Cal. Feb. 14, 2011). The court found that the "plaintiff's case involves the claim that a prisoner health system, as administered by various doctors and staff, consistently failed to provide adequate care for plaintiff's chronic and deteriorating back condition. Thus, application of the continuing violations doctrine to the instant case appears appropriate." *Watson*, 2011 WL 533716, at *11. The court noted, however, that "the impact of applying the doctrine to these facts is di

minimis, because it implicates only [one] defendant . . . and extends the facts of this case little more than a year." *Id.*

Distinguishing *Watson*, Shreves has not demonstrated he is suffering from a *severely debilitating* degenerative back condition, nor has he received any medical referrals for specialized care that the prison has failed to implement. Furthermore, the impact of applying the continuing violations doctrine to this case is substantial; its application would extend the facts of the case over a decade and would include multiple defendants. Nevertheless, even assuming this Court recognizes a continuing violation allowing Shreves' complaint to include allegations arising prior to July 14, 2011, after completing a *de novo* review of the record, there remains no evidence that Shreves' medical treatment amounts to deliberate indifference, as discussed in the next section of this order.

### b. Deliberate indifference

"[A] doctor is not a warrantor of cures or required to guarantee results." *Asberry v. Beard*, 2014 WL 3943459, at *5 (S.D. Cal. Aug. 12, 2014). In *Asberry*, the court found that the plaintiff failed to state an Eighth Amendment claim despite his repeated allegations "that while his doctors provided him with a wheelchair, a mobility-impaired vest, multiple diagnostic tests, and physical therapy, they nevertheless acted with "deliberate indifference" because they failed

to "fix" his lower back." *Id.*; *see also Robinson v. Greer*, 1989 WL 57783, at *1 (N.D.Ill. Apr.13, 1989) (finding prisoner failed to state a claim of deliberate indifference under the Eighth Amendment where officials were alleged to have "shuffled" the plaintiff, who complained of "spurs on the vertebrae in his neck, a deteriorating disc in his lower back, and gastric problems of an undetermined nature," between doctors for "various tests and x-rays," and to have provided "different kinds of medications, all to no avail," because "[t]he Constitution does not guarantee a cure for a prisoner's ailments").

Shreves continues to allege that prison medical staff have acted with deliberate indifference because they have failed to adequately diagnose and treat his medical problems, even though: (1) his doctors have provided him with at least three different sets of x-rays which were reviewed on multiple occasions, once by a doctor outside the prison system; (2) he was allowed to consult with a physical therapist;[2] (3) he has been seen on at least thirteen different occasions, three of which were sit-down discussions regarding the treatment for his back condition; and, (4) multiple tests were performed with examinations performed by two

---

[2] Shreves was referred to and seen by J. Patrick McGillis, a physical therapist at Powell County Physical Therapy on June 15, 2006. (Exh. # 52-53.) During this visit Shreves was given a back-stretching regimen and his rehab prognosis was noted as "[g]ood rehab potential to reach and maintain prior level of function." (Exh. # 52.)

doctors outside the prison system. Notably, Shreves has admitted that up until December 2013 he was lifting weights three to four times a week. (Doc. 12 at 14.)

The Court agrees with Judge Strong that, "the fact that the doctors have determined to treat [Shreves'] back problems conservatively does not establish a constitutional violation." (Doc 12 at 14.) Additionally, Shreves' disagreement with the chosen conservative course of treatment does not establish deliberate indifference. *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (a "difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim" ). To establish that a difference of opinion between medical professionals, or a prisoner-patient and a medical professional, concerning the appropriate course of treatment amounts to deliberate indifference, the prisoner must show that the course of treatment chosen was "medically unacceptable under the circumstances," and that it was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976)).

Absent a showing of an excessive risk to Shreves' health as a result of his

medical treatment, he has failed to state an Eighth Amendment claim of deliberate indifference.

**State Law Claims**

The Court declines to exercise supplemental jurisdiction on Shreves' Montana state law claims pursuant to 28 U.S.C. § 1367(c)(3) (district court may decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction"). Shreves can attempt to bring these claims in state court if he chooses.

Because Shreves failed to state a claim, the dismissal of this matter constitutes a strike under 28 U.S.C. § 1915(g). Additionally, the instant complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. Any appeal of this matter would not be taken in good faith.

There being no clear error in Judge Strong's remaining findings and recommendations,

IT IS ORDERED:

1. Judge Strong's Findings and Recommendation (Doc. 12) are ADOPTED IN FULL.

2. Plaintiff's Amended Complaint (Doc 11) is DISMISSED.

3. This case is CLOSED. The clerk is directed to close this case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The docket shall reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

5. The docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because plaintiff failed to state a claim and his claims are frivolous.

DATED this 28th day of April, 2015.

Dana L. Christensen, Chief District Judge
United States District Court