IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICHARD E. SHREVES, | CV 14-00048-H-DLC |
| Plaintiff, | |
| vs. | ORDER |
| DR. SCOTT PIRANIAN, TRISTAN KOHUT, LAUREL ANDRECHAK, SPECTRUM MEDICAL INC., MIKE FERRITER, MIKE BATISTA MEAGEN BOURNE, C. McGUIRE, DANIEL TROUPE, DAN CHLADEK, KRISTY BOESE, BILL MILLER, LIZ RANTZ, HEIDI ABBOTT, CATHY REDFERN, and CINDY HINER, | |
| Defendants. | |

Plaintiff Richard Shreves, a state inmate proceeding without counsel, filed a Complaint alleging he has been denied adequate medical care for a number of medical conditions while incarcerated at Montana State Prison. After extensive review of the record by United States Magistrate Judge Keith Strong and this Court, the case was dismissed on April 28, 2015. (Order, Doc. 16.) On May 8, 2015, Mr. Shreves filed a Motion for Reconsideration which will be analyzed as a Rule 59(e) Motion to Alter or Amend a Judgment and Rule 60(b) Motion for

-1-

Relief from Judgment or Order.[1]

A Motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice: or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Rule 60(b) allows the Court to relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered before the time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief. Fed.R.Civ.P. 60(b).

Mr. Shreves argues that in light of new evidence and mistakes of fact in the Court's April 28, 2015 Order, the dismissal should be reconsidered and the matter served upon Defendants.

---

[1] On June 4, 2015, Mr. Shreves filed a Notice of Appeal. (Doc. 19.) On June 5, 2015, the Ninth Circuit issued an Order holding all proceedings in that Court in abeyance pending resolution of this motion. (Doc. 21.)

## "New Evidence"

Mr. Shreves alleges Defendants violated his rights under the Eighth Amendment to the United States Constitution. To state an Eighth Amendment claim for denial of medical care, a plaintiff must allege specific facts that, if proved, would establish that the plaintiff had a serious medical need and the defendant showed deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Mr. Shreves presents a number of issues which he labels as "new evidence" but he fails to demonstrate how this "new evidence" establishes deliberate indifference to a serious medical need. Specifically, he contends Dr. Kohut failed to report in his notes that a staff member felt swelling in Mr. Shreves's back;[2] he alleges Dr. Kohut denied prior knowledge of his neck pain and headaches;[3] he alleges notes were removed from his medical file; he states that Dr. Kohut referred to him as a "drug-seeker"; he contends Dr. Kohut made a false

---

[2]This is not new evidence as it was presented by Mr. Shreves in his March 5, 2015 filing (Doc. 15 at 3, ¶ 2) and considered by the Court in its de novo review of the record in light of Mr. Shreves' Objections to Magistrate Judge Strong's Findings and Recommendations.

[3]Again, this issue is not new evidence as it was previously presented by Mr. Shreves and considered by the Court. (Doc. 15 at 3-4, ¶ 4.)

report that he had walked out of an appointment while shouting profanity; and he alleges that during a March 26, 2015 appointment Dr. Kohut told him that he had never viewed his x-rays images or had anyone else check the 2011 images for the L3 anomaly. (Doc. 18 at 1-5.). Even if the Court were to consider all of this information, it does not change the Court's analysis.

Mr. Shreves's allegations regarding back pain and other medical conditions, taken as true on screening, are sufficient to state a serious medical need satisfying the first prong of a deliberate indifference claim. *See McGuckin*, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.") But in order to state a claim for deliberate indifference Mr. Shreves must also allege facts showing that Defendants purposefully ignored or failed to respond to his pain or medical needs. *McGuckin*, 974 F.2d at 1060. He must present facts that plausibly establish that, subjectively, Defendants had a "sufficiently culpable state of mind" when medical care was refused or delayed. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (*citing Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)). A defendant must "both

be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Mr. Shreves may believe that Defendants should have done more to treat his medical condition, but in order to prevail on the theory that another course of medical treatment should be pursued, Mr. Shreves must show that the chosen course of treatment is "medically unacceptable under the circumstances," and that Defendants "chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)(citations omitted). The record does not make this showing.

Some of Mr. Shreves's "new evidence" actually supports the Court's ruling that this matter be dismissed. For example, Mr. Shreves discusses and attaches medical records demonstrating that Dr. Kohut and/or other medical staff have arranged for Mr. Shreves to see a regular provider on a monthly basis. This level of monitoring and regular care disputes any allegation of deliberate indifference. In addition, Mr. Shreves's medical records indicate that Dr. Piranian is considering "an ortho consult (if approved)." (March 3, 2015 Provider notes, Doc. 18-2 at 5.) Clearly, the medical providers at the prison are aware of Mr. Shreves's difficult medical condition, they are monitoring that condition on a regular basis and are treating it conservatively. Mr. Shreves's contention that something more should be done is simply a difference of opinion with his medical providers. "A difference of opinion between a physician and the prisoner-or between medical professionals-concerning what medical care is appropriate [which] does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds, Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012). Mr. Shreves has not shown "that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681

F.3d at 988 (citation and internal quotations omitted). Mr. Shreves's allegations are insufficient to state a claim for deliberate indifference to a serious medical need. The Court's prior ruling stands.

## "Factual Mistakes"

Mr. Shreves argues there are a number of "factual mistakes" in the April 28, 2015 Order. First, he disputes the Court's finding that there is no evidence to suggest that prison staff fraudulently concealed the nature of Mr. Shreves's back injury. He argues that Defendants identified the L3 anomaly in his spine as being congenital. He surmises that if the anomaly was congenital and not recognized in his 2011 x-rays, it must have been concealed by Defendants. (Doc. 18 at 4-5.) Such allegations are wholly speculative. Mr. Shreves has not presented plausible evidence of concealment. This is not a factual mistake.

Secondly, Mr. Shreves quotes the Court's Order as stating that "Mr. Miller was not mentioned in the prison grievance." (Motion for Reconsideration, Doc. 18 at 5-6.) He argues that Mr. Miller was mentioned in a prison grievance. Mr. Shreves quoted the Court's Order incorrectly. The language referred to is contained in a footnote which actually states: "Sgt. Miller was not named or even mentioned in the prison grievances related to June 23, 2011 or July 5, 2011." (Order, Doc. 16 at 5, n.1). Nothing in the Court's Order suggests that Mr. Miller

was not mentioned in the grievance regarding the June 17, 2011 grievance. (Complaint Exhibit Doc. 2-7, Exhibit 99.) This is not a mistake of fact but a misstatement of the Court's findings by Mr. Shreves.

Third, Mr. Shreves disputes the Order's statement that he has received three sets of x-rays which have been reviewed on multiple occasions, once by a doctor outside the prison. (Motion for Reconsideration, Doc. 18 at 6, ¶ 13.) He alleges that only Dr. Alzheimer, a prison contractor, viewed the actual x-rays and it was his report and not the x-rays that were reviewed by other providers. Whether the x-rays themselves were reviewed on multiple occasions or simply the x-ray report, does not change the Court's analysis. The fact that Defendants have been monitoring and observing and treating, albeit conservatively, Mr. Shreves's medical condition, is firmly established.

Fourth, Mr. Shreves points out that although he consulted with a physical therapist as found by the Court, it was only in 2006. (Motion for Reconsideration, Doc. 18 at 7.) The Order clearly recognized that the physical therapy session was in 2006. In a footnote, the Court states: "Shreves was referred to and seen by J. Patrick McGillis, a physical therapist at Powell County Physical Therapy on June 15, 2006." (Order, Doc. 16 at 10, n. 2.) This is not a mistake of fact, it is again a misstatement of the Court's Order.

Lastly, Mr. Shreves disputes the Court's finding that "multiple tests were performed with examination performed by two doctors outside the prison system." (Motion for Reconsideration, Doc. 18 at 7.) This is not a misstatement of fact. Multiple x-rays have been taken of Mr. Shreves and at least the July 2011 x-rays (or the reports concerning those x-rays) were examined by doctors outside the prison (Drs. Alzhelmer and Iverson). (Amended Complaint, Doc. 11 at 17; Complaint Exhibit 135, Doc. 2-9 at 19; and Complaint Exhibit 152, Doc. 2-9 at 36). Again, the review of the x-ray report versus the x-ray images themselves does not change the Court's analysis. This is not a mistake of fact.

Mr. Shreves has presented over 500 pages of pleadings and exhibits (251 pages of which were his initial Complaint and supporting exhibits). The Court has taken great care to review and address Mr. Shreves's records, factual assertions, and arguments. Based upon this vast amount of material, it is clear that Mr. Shreves has not and cannot demonstrate "(a) a purposeful act or failure to respond to [his] pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (*citing Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

The Court acknowledges Mr. Shreves's serious medical condition but the record clearly demonstrates that Defendants have and are treating that condition,

albeit conservatively. The record does not plausibly allege deliberate indifference by the named Defendants. Mr. Shreves has not shown that there are manifest errors of law or fact upon which the judgment rests, that there is new evidence which would change the Court's ruling, or that a manifest injustice has occurred.

Accordingly, IT IS HEREBY ORDERED that Mr. Shreves's Motion for Reconsideration (Doc. 18) is DENIED.

DATED this 11th day of June, 2015.

Dana L. Christensen
Chief Judge, United States District Court